IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TERRELL MONTIEL MADISON,** aka **NAEOMI KAIOR,** | :<br>;<br>: |
| Plaintiff | : |
| | : CASE NO. 5:25-cv-00357-CAR-CHW |
| VS. | : |
| | : |
| Sergeant **SAMANTHA GREENE,**<br>Sheriff **CRAIG PEAVY,**<br>Major **DARRELL BRYANT,**[1] | :<br>:<br>: |
| | : **PROCEEDINGS BEFORE THE** |
| Defendants | : **U. S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Terrell Montiel Madison, aka Naeomi Kaior,[2] a prisoner at Johnson State Prison in Wrightsville, Georgia, has filed a civil rights complaint. ECF No. 1. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is now **GRANTED**, and it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted.

---

[1] When asked in question 12 of the Court's standard form to list all Defendants to this civil action, Plaintiff lists only Sergeant Samantha Greene, Sheriff Craig Peavy, and Major Darrell Bryant. ECF No. 1 at 5 and 7. However, in the docketing of this case the clerk of court has included additional persons as Defendants that Plaintiff listed as witnesses to her claims as requested in question 14 on the Court's form. Because Investigator Eschenbach, Lt. Brenda Bowens, Booking Officer Hershun, and Head Nurse White are witnesses and not Defendants, the Clerk of Court is **DIRECTED** to terminate Eschenbach, Bowens, Hershun, and White as Defendants to this civil action.

[2] As Plaintiff identifies as a "transgender female" (*See* ECF No. 1 at 8, 15), the Court follows Plaintiff's use of female identifiers.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, the application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, one must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, then the prisoner must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because one has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that she is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that the complaint be filed and that she be allowed to proceed without paying an initial partial filing fee.

I. <u>Directions to Plaintiff's Custodian</u>

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which

Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that release from incarceration/detention does not release Plaintiff from the obligation to pay the installments incurred while was in custody. Plaintiff remains obligated to pay those installments justified by the income in any prisoner trust account while Plaintiff was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if Plaintiff is able to make payments but fails to do so or otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g*., *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.     Plaintiff's Allegations[3]

Plaintiff's claims arise from her previous incarceration in the Dooly County Jail. ECF No. 1 at 5. Plaintiff alleges that on November 10, 2024, she "was topless in [her] cell awaiting to be served chow" and that "when Sammantha Greene opened the flap to [the] cell and upon seeing [Plaintiff] topless, Sergeant Samantha Greene began to state and did state let me see your titties, where they at, you got a set do you, what size you wear." *Id.* at 8. Plaintiff avers that "head nurse Ms. White have documents stating that [Plaintiff is] is transgender woman in process in the Georgia Department of Corrections" and that "[t]his is not the first time [she has] endured Sergeant Samantha Greene's abuse at dooly county justice center". *Id.* Plaintiff seeks discovery, injunctive relief in the form of "appointment of counsel at Defendant's cost & expense", and damages. *Id.* at 10, 12.

III.    Plaintiff's Claims

*Title VI claim against Defendant Greene*

Plaintiff claims that Defendant Greene's actions violated "Title VI of the civil rights acts of 1964". ECF No. 1 at 5, 8, 9, 17. Title VI states that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. Plaintiff's claims are all

---

[3] Plaintiff's allegations in this case are nearly identical to those raised in a previously dismissed case, *Madison v. Greene*, Case No. 5:25-cv-00116-MTT-AGH (M.D. Ga. Aug. 8, 2025) (dismissed under § 1915 for failure to state a claim and as malicious for abuse of the judicial process).

rooted in Plaintiff's transgender identification. *See* ECF No. 1. Being transgender is not one of the classes based on race, color, or national origin that Title VI protects from discrimination. *See id*. Furthermore, nowhere in the complaint has Plaintiff shown how any of the Defendants receive Federal financial assistance as county correctional officers or employees of the Dodge County Sheriff's Department. Because Plaintiff has failed to establish any claim under Title VI, it is **RECOMMENDED** that this claim be **DISMISSED** without prejudice for failure to state a claim for which relief may be granted.

*Fourteenth Amendment Equal Protection Claim*

To any extent that Plaintiff intended her "Title VI" claim to be a constitutional claim for violation of her equal protection rights, Plaintiff still does not state a claim for which relief may be granted. The Fourteenth Amendment's Equal Protection Clause provides that no state shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff bringing an equal protection claim must prove either that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), or that the plaintiff "was treated differently than similarly situated person [and] the defendant unequally applied [a] facially neutral statute for the purpose of discriminating against [him]." *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996). In this regard, Plaintiff does not allege any facts to show that she was treated any differently from a similarly situated person. Thus, Plaintiff has not established an equal protection claim. It is thus **RECOMMENDED** that Plaintiff's

Fourteenth Amendment claim for a violation of her equal protection rights against the Defendant be **DISMISSED without prejudice** for failure to state a claim.

*Claims against Defendants Peavy and Bryant*

Plaintiff names Sheriff Craig Peavy and Major Darrell Bryant as Defendants to this action. ECF No. 1 at 5, 7. Nowhere in the complaint does Plaintiff state any allegations as to how Defendants Peavy and Bryant violated her rights. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of defendants that plaintiff failed to "associate" with an alleged constitutional violation) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Butler v. Georgia,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation.").

To the extent that Plaintiff names Sheriff Peavy and Major Bryant as Defendants based solely on their supervisory roles and seeks to hold them vicariously liable for the actions of Defendant Greene, Plaintiff still has failed to state a viable claim. It is well-

settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating*, 598 F.3d at 762. Plaintiff has made no showing of a causal connection between a constitutional violation and any action of Defendants Peavy and Bryant in their supervisory roles as Sheriff and Major. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED** and it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to § 1915A(b) for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this recommendation. The parties may seek an extension of time to file objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 5th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge